

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:05-CR-112 |
| | § | |
| BOBBY DWAYNE HEMMINGWAY | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Bobby Dwayne Hemmingway, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release.

The Court conducted a revocation hearing on March 3, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 29, 2006, the Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of felon in possession of a firearm, a Class C felony. Judge Heartfield sentenced the defendant to 84 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include anger management and mental health aftercare. On June 17, 2011, the defendant completed his period of imprisonment and began service of the supervision term.

The Court modified Mr. Hemmingway's conditions of supervision several times since his release. These modifications include placement in a residential reentry center (doc. #42, #45, #46), home detention and drug treatment (doc. #43), and electronic monitoring (doc. #44).

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

Specifically, on June 18, 2013, Mr. Hemmingway was arrested by the Port Arthur, Texas, Police Department (PAPD) for aggravated assault with a deadly weapon. A supplemental offense report has been received from the PAPD indicating that based on alleged conduct that occurred on June 18, 2013, Mr. Hemmingway is also being charged for the offense of Terroristic Threat/Family Violence.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government proffered evidence establishing that Mr. Hemmingway was placef on conditions of supervision which included the mandatory condition that he not commit another federal, state or local crime. The evidence would show that on June 18, 2013, Mr. Hemmingway was arrested for aggravated assault with a deadly weapon. The Government would further prove that on January 27, 2014, Mr. Hemmingway was in fact convicted of aggravated assault after he pled guilty to that charge in cause number 13-17168 pending in the Criminal District Court for Jefferson County, Texas. The court sentenced Hemmingway to five years in the Institutional Division of the TDCJ for that conviction.

Defendant, Bobby Dwayne Hemmingway, offered a plea of true to the allegations Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new state crime.

If the Court finds that Mr. Hemmingway violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade A violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of V and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 30 to 37 months. *See* U.S.S.G. § 7B1.4(a). However, because the original offense of conviction in this case was a Class C felony, the statutory maximum imprisonment term upon revocation is capped at 24 months. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a new state crime in violation of his supervision conditions. Mr. Hemmingway voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **twenty-four (24) months imprisonment** for the revocation, with no additional term of supervision upon his release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or

recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of March, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE